LITTLER MENDELSON, P.C.
Joel L. Finger
Joshua S. Hurwit
900 Third Avenue
New York, New York 10022
(212) 583-9600
Attorneys for Defendant Walgreen Co.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

ASA BACON,

        Plaintiff,

-against-

WALGREEN CO.,

        Defendant.

14 CV 0419 (JFB) (ARL)

**MEMORANDUM OF LAW OF DEFENDANT WALGREEN CO.
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTS .................................................................................................................. 1

ARGUMENT ............................................................................................................................... 2

I. THE ADA CLAIM IS MOOT AND SHOULD BE DISMISSED .................................... 2

II. THE HRL INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED AS
   MOOT ................................................................................................................................ 4

CONCLUSION ........................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Already, LLC v. Nike, Inc.*,
   133 S. Ct. 721 (2013)..................................................................................................2

*Azelyant v. B. Manischewitz Co.*,
   2000 U.S. Dist. LEXIS 2192 (E.D.N.Y. Jan. 12, 2000) .................................................3

*Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.*,
   532 U.S. 598 (2001)......................................................................................................3

*Clear Channel Outdoor, Inc. v. City of N.Y.*,
   594 F.3d 94 (2d Cir. 2010)............................................................................................2

*Fox v. Bd. of Trustees of State Univ. of N.Y.*,
   42 F.3d 135 (2d Cir. 1994)............................................................................................3

*Garner v. Agiovlasitis*,
   287 A.D.2d 387 (1st Dep't 2001) .................................................................................4

*Goodwin v. C.N.J., Inc.*,
   436 F.3d 44 (1st Cir. 2006).......................................................................................2, 3

*Irish Lesbian & Gay Org. v. Giuliani*,
   143 F.3d 638 (2d Cir. 1998)..........................................................................................2

*Kallen v. J.R. Eight, Inc.*,
   775 F. Supp. 2d 1374 (S.D. Fla. 2011) ........................................................................3

*Krist v. Kolombos Rest. Inc.*,
   688 F.3d 89 (2d Cir. 2012)............................................................................................3

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000)..........................................................................................1

*Matter of Hearst Corp. v. Clyne*,
   50 N.Y.2d 707 (N.Y. 1980) ..........................................................................................4

*Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*,
   2011 U.S. Dist. LEXIS 136171 (M.D. Fla. Nov. 28, 2011) .........................................3

*Pancake v. McCarthy*,
   806 F. Supp. 378 (E.D.N.Y. 1992) ...............................................................................3

*Rush v. Fresh & Easy Neighborhood Mkt., Inc.*,
   2011 U.S. Dist. LEXIS 156514 (C.D. Cal. Dec. 6, 2011) ............................................3

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

*Scheiner v. ACT Inc.*,
   2013 U.S. Dist. LEXIS 25204 (E.D.N.Y. Feb. 24, 2013) .......................................................2, 3

**STATUTES**

American with Disabilities Act, 42 U.S.C. §12182(a) ...................................................................2

Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ........................................................1

New York State Human Rights Law, Executive Law § 296 et seq. ...........................................1, 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1) ...............................................................................................................1, 4

## PRELIMINARY STATEMENT

Defendant Walgreen Co. ("Walgreen") owns and operates a retail drug store at 393 Front Street, Hempstead, New York that is the subject of this action ("premises"). The Complaint ("Cplt.") alleges that the premises contained one barrier to access that violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") and the New York State Human Rights Law, Executive Law § 296 et seq. ("HRL") (Finger Aff. Ex. 1).[1] Because that alleged barrier no longer exists, Walgreen moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss both the entire ADA claim and part of the HRL claim as moot on the grounds set forth below.

## RELEVANT FACTS[2]

The Complaint alleges violations of the ADA and HRL and common law negligence based on an alleged injury to Plaintiff at the premises on October 28, 2012 (Cplt. ¶¶ 5-42). The Complaint invokes federal question jurisdiction pursuant to the ADA (*id.* ¶ 3).

The Complaint alleges that Plaintiff is disabled and on October 28, 2012 encountered a single "barrier[] to access" inside the premises (*id.* ¶¶ 1, 9, 14, 24), a pair of electronic security sensors located inside the premises on either side of the exit door (*id.* ¶ 9). Plaintiff alleges that the distance between the security sensors was approximately 32-33 inches, and that the ADA and its implementing regulations require the distance be at least 36 inches (*id.* ¶¶ 9, 11-13, 23).

After the Complaint was filed, Plaintiff's counsel was advised that Walgreen would permanently relocate the security sensors so that the distance between them would be at least 36 inches (Finger Aff. ¶ 3). On April 29, 2014, the security sensors were relocated and bolted to the

---

[1] "Finger Aff." refers to the May 27, 2014 Affidavit of Joel L. Finger in support of this motion, filed herewith.

[2] The relevant facts are drawn from the Complaint, the Finger Aff., and the Affidavit of Gary Normandin, dated May 20, 2014 ("Normandin Aff.") filed herewith. The Court may consider the Finger and Normandin Affidavits in resolving this motion because it is a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

1

floor so that the distance between them now exceeds 36 inches (Normandin Aff. ¶ 2). The Complaint did not allege any barriers to access other than those sensors.

## ARGUMENT

### I. THE ADA CLAIM IS MOOT AND SHOULD BE DISMISSED.

Plaintiff alleges that the premises is a "public accommodation" pursuant to ADA Title III (Cplt. ¶ 8). Title III prohibits "any person who owns, leases (or leases to), or operates a place of public accommodation" from discriminating against any individual "on the basis of disability in the full and equal enjoyment" of that facility. 42 U.S.C. §12182(a). The Complaint seeks, *inter alia*, an injunction and a declaratory judgment with respect to the alleged ADA violation and the alleged violation of the analogous provision of the HRL (Cplt. pp. 9-10 ¶¶ A-B). However, the sole issue for which injunctive relief is sought pursuant to the ADA and the HRL – the allegedly inadequate distance between the security sensors – has been addressed and no longer exists. As a result, the ADA claim (1st Cause of Action) should be dismissed as moot.

Federal jurisdiction requires the existence of an actual case of controversy "not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) (citations and internal quotations omitted). "Whether subsequent events have dissipated the plaintiff's interest [in the litigation] is assessed through the prism of mootness . . . [a] case becomes moot if, at some point after the institution of the action, the parties no longer have a legally cognizable stake in the outcome." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 48 (1st Cir. 2006) (citations omitted). *Cf. Clear Channel Outdoor, Inc. v. City of N.Y.*, 594 F.3d 94, 110-11 (2d Cir. 2010); *Scheiner v. ACT Inc.*, 2013 U.S. Dist. LEXIS 25204, at *7 (E.D.N.Y. Feb. 24, 2013) ("Mootness results 'when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur'") (quoting *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 647 (2d Cir. 1998)). "Mootness is a jurisdictional defect and deprives a court of the authority to

adjudicate a case." *Id.* (citing *Fox v. Bd. of Trustees of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)).

Where, as here, a defendant remedies the complained of access barrier, a plaintiff's ADA claim becomes moot because the sole relief available to private plaintiffs under the ADA is injunctive relief. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 94 (2d Cir. 2012) (Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages"); *Azelyant v. B. Manischewitz Co.*, 2000 U.S. Dist. LEXIS 2192, at *23-24 (E.D.N.Y. Jan. 12, 2000) (ADA claim moot after action was commenced); *Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1379 (S.D. Fla. 2011) (remedial actions rendered ADA claims moot); *Nat'l Alliance for Accessability, Inc. v. Walgreen Co.*, 2011 U.S. Dist. LEXIS 136171, at *7-10 (M.D. Fla. Nov. 28, 2011) (collecting cases dismissing as moot Title III claims where defendant made structural changes to the premises during the pendency of the litigation).

Plaintiff's claim for declaratory relief does not prevent dismissal of the ADA cause of action on mootness grounds because "[f]ederal district courts 'have no jurisdiction to render declaratory judgments when the underlying questions are moot or otherwise non-justiciable." *Scheiner*, 2013 U.S. Dist. LEXIS 25204, at *9-10 (quoting *Pancake v. McCarthy*, 806 F. Supp. 378, 379 (E.D.N.Y. 1992)). Plaintiff's prayer for attorneys' fees also does not prevent dismissal of the ADA cause of action because the ADA provides attorneys' fees only to the "'prevailing party,' who must have 'secure[d] a judgment on the merits or a court-ordered consent decree.'" *Rush v. Fresh & Easy Neighborhood Mkt., Inc.*, 2011 U.S. Dist. LEXIS 156514, at *4 (C.D. Cal. Dec. 6, 2011) (quoting *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001)). And "[a] litigant's interest in a possible award of attorneys' fees is not enough to create a justiciable case or controversy if none exists on the merits of the underlying claim." *Goodwin*, 436 F.3d at 51 (citations omitted).

Accordingly, as the ADA claim is moot, it should be dismissed pursuant to Rule 12(b)(1).

## II. THE HRL INJUNCTIVE RELIEF CLAIM SHOULD BE DISMISSED AS MOOT.

The Court should dismiss the HRL injunctive relief claim (2d Cause of Action) as moot for the reasons stated in Point I above.[3] *See Matter of Hearst Corp. v. Clyne*, 50 N.Y.2d 707, 713-14 (N.Y. 1980) (court's power "to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal") (citations omitted); *Garner v. Agiovlasitis*, 287 A.D.2d 387 (1st Dep't 2001) (appeal dismissed as moot after defendant complied with trial court order directing repair of property).

## CONCLUSION

For the reasons stated above and in the supporting Affidavits of Joel L. Finger and Gary Normandin submitted herewith, and upon the prior pleadings and proceedings herein, the Court should: (1) dismiss the ADA First Cause of Action in its entirety; (2) dismiss the HRL Second Cause of Action insofar as it seeks injunctive relief; (3) dismiss all claims for declaratory relief; and (4) award Defendant Walgreen Co. any additional relief the Court deems just and proper.

Dated: New York, New York
May 28, 2014

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: /s/
Joel L. Finger
Joshua S. Hurwit
900 Third Avenue
New York, NY 10022
(212) 583-9600
Attorneys for Defendant Walgreen Co.

---

[3] Although not alleged in the Complaint, it appears the Court has diversity jurisdiction over the HRL and negligence claims (Cplt. ¶¶ 1-2, 25-42). We do not seek dismissal of Plaintiff's state causes of action because we realized that in preparing these papers and therefore no longer assert that the Court should decline to exercise its supplemental jurisdiction.