# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-CV-419 (JFB) (ARL)

ASA BACON,

Plaintiff,

VERSUS

WALGREEN CO.,

Defendant.

**MEMORANDUM AND ORDER**
March 20, 2015

JOSEPH F. BIANCO, District Judge:

Plaintiff Asa Bacon ("plaintiff") brings this action against Walgreen Co. ("defendant"), asserting claims for declaratory and injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, in addition to claims under New York law. Specifically, plaintiff claims that he was injured at a Walgreens[1] pharmacy because the security sensors at the store's exit were not wide enough to permit his wheelchair to pass through.

Before the Court is defendant's motion to dismiss in part, as well as plaintiff's motion for partial summary judgment. For the reasons set forth below, the motion to dismiss is granted, and the motion for summary judgment is denied. In sum, the Court concludes that plaintiff's claims under the ADA are moot, because Walgreens has remedied the issue that allegedly interfered with plaintiff's access to the pharmacy. As a result, the Court lacks subject matter jurisdiction over plaintiff's federal claim. For the same reason, the Court denies plaintiff's motion for partial summary judgment.

I.   BACKGROUND

Plaintiff filed the complaint in this action on January 21, 2014. Plaintiff "lives in Hempstead in New York and is an individual with a disability known as paraplegia. As a result of his disability, the plaintiff cannot walk and uses a motorized wheelchair to assist his mobility." (Compl. ¶ 1.) The complaint avers that on October 28, 2012, plaintiff patronized a Walgreens pharmacy located at 393 Front Street in Hempstead, New York. (*Id.* ¶¶ 1, 14.) As a security feature, the store contains two

---

[1] Defendant Walgreen Co. operates a chain of pharmacies named "Walgreens." The Court will refer to defendant and its pharmacies as "Walgreens."

electronic sensors on either side of the exit door. (*Id.* ¶ 9.) As plaintiff attempted to pass through the exit, "the left footrest of his wheelchair came into contact with the sensor to his left causing it to bend the footrest and plaintiff's left foot and leg to the point where the left tibia was severely fractured." (*Id.* ¶ 14.) Plaintiff asserts that the incident occurred because the sensors are 32 to 33 inches apart, which is wide enough for ambulatory persons to pass through, but which is too narrow to allow a wheelchair to pass through. (*Id.* ¶¶ 11-12.) Plaintiff contends that Walgreens must space the sensors at least 36 inches apart in order to comply with the ADA. (*Id.* ¶¶ 10-13.)

On May 27, 2014 plaintiff filed a motion for partial summary judgment, seeking judgment on his claims for injunctive and declaratory relief under the ADA and the New York State Human Rights Law. On May 28, 2014, defendant cross-moved to dismiss plaintiff's claims for injunctive and declaratory relief for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). In support of that motion, defendant submitted an affidavit from Gary Normandin, the regional manager for Walgreens, who attests that "[o]n April 29, 2014, the security sensors at the exit to the premises were permanently relocated by bolting them to the floor so that the distance between them is more than 36 inches." (Affidavit, ECF No. 18-3.)

On June 27, 2014, defendant opposed the motion for summary judgment and plaintiff opposed the motion to dismiss. Both parties have filed reply memoranda. Plaintiff's memorandum in opposition raised, for the first time, a challenge to the width of the metal poles framing the exit door to the pharmacy.[2] To address this issue, the Court requested that the parties submit additional materials. The parties filed letters regarding the width of the poles, and on March 17, 2015, plaintiff filed a letter informing the Court that he conceded that the present placement of the poles and the security sensors complies with the ADA. (Pl. Letter, ECF No. 24.)

This matter is fully submitted, and the Court has fully considered the parties' submissions.

## II. STANDARDS OF REVIEW

Before the Court are defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), and plaintiff's motion for summary judgment, pursuant to Rule 56. The following standards of review are applicable to the respective motions.

### A. Subject Matter Jurisdiction

To defeat a motion to dismiss brought under Fed. R. Civ. P. 12(b)(1), "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In resolving this issue, the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Additionally, the court "may refer to evidence outside the pleadings" to resolve the jurisdictional issue. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant a motion for summary judgment only if "the movant

---

[2] The complaint exclusively addresses the security sensors in the pharmacy, and does not contain any mention of the poles.

2

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of showing that he is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "'is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.'" *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (alteration and emphasis in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties alone will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

III. DISCUSSION

A. Motion to Dismiss

i. Federal Claim

Defendant has moved to dismiss plaintiff's claim under the ADA for lack of subject matter jurisdiction. Defendant argues that plaintiff's claim is moot, because Walgreens has voluntarily remedied the security sensors in the 393 Front Street location.

Plaintiff brings his claim under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations, or accommodations of any place of public

3

accommodation . . . ." 42 U.S.C. § 12182(b)(2)(A)(iv). For purposes of § 12182(a), discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable . . . ." 42 U.S.C. § 12182(B)(2)(A)(iv). It is well established that Title III of the ADA allows only for injunctive relief, not monetary damages. *Brief v. Albert Einstein College of Medicine*, 423 F. App'x 88, 90 (2d Cir. 2011) (citing *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)). Therefore, under certain circumstances, a claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)) ("[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim."); *Hernandez v. Berlin Newington Assoc., LLC*, No. 10 CV 1333 (DJS), 2015 U.S. Dist. LEXIS 10818, at *5 (D. Conn. Jan. 30, 2015) (same); *Brenchley v. Vill. of Phoenix*, No. 01-CV-190, 2005 U.S. Dist. LEXIS 48212, at *12-13 (N.D.N.Y. Sept. 30, 2005) ("It is undisputed that any apparent violation of the ADA by the Village has been definitively remedied to the satisfaction of the Department of Justice. Consequently, plaintiff's request for declaratory relief, to the extent he is deemed to have raised one, must be dismissed."); *Disabled in Action of Metro N.Y. v. Trump Int'l Hotel & Tower*, No 01 Civ. 5518 (MBM), 2003 U.S. Dist. LEXIS 5145, at *37 (S.D.N.Y. Apr. 2, 2003) (evaluating whether modifications to property rendered ADA claim moot).

The mootness doctrine stems from Article III of the Constitution, which grants the Judicial Branch authority over "Cases" and "Controversies." *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013). As the Supreme Court has made clear, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Id.* (quotation omitted). Accordingly, if the underlying dispute in a lawsuit is no longer 'live,' the case becomes moot, and the court will no longer have the authority to adjudicate the case. *Id*.

This Circuit applies a two-part test to determine whether a defendant's voluntary cessation has rendered a case moot. The defendant must demonstrate: "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010); *see also Gropper v. Fine Arts House., Inc.*, 12 F. Supp. 3d 664, 670 (S.D.N.Y. 2014) (evaluating mootness challenge to ADA claim). As the Supreme Court has recently emphasized, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already*, 133 S. Ct. at 727 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 190 (2000)).

Here, defendant argues that plaintiff's claim under the ADA is moot because that claim challenges only the distance between the security sensors, and Walgreens has remedied that alleged defect.[3] (Def. Mem. at 2, ECF No. 19.) Defendant has proffered affidavits from a Walgreens manager, attesting that the company: (1) relocated the sensors so that the distance between them is greater than 36 inches, and (2) bolted the sensors to the floor in their new position. (ECF Nos. 18, 28.) Plaintiff does not contest

---

[3] For purposes of this motion, the Court assumes, without deciding, that the ADA requires Walgreens to position the security sensors 36 inches apart.

that Walgreens has remedied the access barrier.[4] (Pl. Letter, ECF No. 34.) Instead, plaintiff argues that the access barrier is likely to recur. In support of this argument, plaintiff has submitted an affidavit from an architect named Steven Zalben, who observes that security sensors are typically moved when flooring is updated, or when industrial carpeting is installed. (Affidavit of Steven Zalben, ECF No. 23 at 3.) Zalben attests that industrial carpeting is typically replaced every five years. (*Id.*) Based upon this information, plaintiff argues that defendant may move the sensors in five years, and that plaintiff has no present assurance that defendant will maintain the 36 inch width of the sensors if they are moved. In response, defendant submits a second affidavit from a Walgreens manager, who attests that during the entire ten-year period of his tenure, "the security sensors inside the premises were bolted to the concrete floor and they were not moved for carpet cleaning, repair or replacement or for any other purpose until they were moved and again bolted to the floor on April 29, 2014," the date defendant took remedial action in response to plaintiff's complaint. (Affidavit of Gary Normandin, ECF No. 28.)

Based upon the submissions of the parties and the present record, the Court readily concludes that plaintiff's claims under the ADA are moot. It is undisputed that defendant has remedied the alleged access barrier, and the Court does not reasonably expect that defendant will move the security sensors to an impermissibly narrower position. Even assuming *arguendo* that the sensors will need to be moved for re-carpeting five years hence, plaintiff's assertion that the access barrier will recur is speculative at best. Notably, plaintiff offers no reason whatsoever why defendant would wish to position the sensors in a narrower width, and plaintiff offers no evidence suggesting that Walgreens intends to move the sensors. *See Nat'l Alliance for Accessibility, Inc. v. Walgreen*, No. 10-CV-780, 2011 U.S. Dist. LEXIS 136171, at *9 (M.D. Fla. Nov. 28, 2011) (access barriers were unlikely to recur because "[f]irst, Walgreens' violations of the ADA appear to have been unknowing and unintentional . . . and there is no reasons to think that Walgreens would desire to violate the ADA in the future. Second, although the repairs were made in response to this lawsuit, Walgreens appears to have genuinely attempted to comply with the law."). Instead, plaintiff asks this Court to issue an injunction based upon the mere possibility that, five years from now, defendant *may* re-carpet the exit passageway of the pharmacy, and at that time, the sensors *may* be positioned improperly, perhaps by accident. These concerns are purely speculative and conjectural. As such, they are insufficient to rebut the defendant's strong showing that plaintiff's claim is moot. Accordingly, the motion to dismiss plaintiff's ADA claim is granted.

ii. State Law Claims

Defendant also moves to dismiss plaintiff's claim for injunctive relief under

---

[4] Although plaintiff now concedes that the exit passageway is wider than 36 inches, plaintiff submitted a letter on March 17, 2015 challenging the width of the door to the pharmacy. (ECF No. 35.) Plaintiff's counsel claims that, by his measurements, the door is 35.5 inches wide, and that the ADA requires doors to be at least 36 inches wide. As an initial matter, this claim is not within the complaint (which exclusively challenges the placement of the security sensors in the pharmacy), and plaintiff raised this issue for the first time after the motion to dismiss was fully briefed. In any event, plaintiff's challenge lacks merit, because the ADA only requires that entrance doors be at least 32 inches wide. *See* 36 C.F.R. 1191.1, Appx. D, § 404.3.1; *Wyatt v. Ralphs Grocery Co.*, No. 00-CV-1260, 2002 U.S. Dist. LEXIS 27958, at *4 (C.D. Ca. Feb. 21, 2002); *Kalani v. Castle Vill., LLC*, 14 F. Supp. 3d 1359, 1365 n.15 (E.D. Ca. 2014).

New York law.[5] Because the Court has dismissed as moot plaintiff's federal claim, the Court need not consider, at this juncture, defendant's arguments regarding plaintiff's state law claims. "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Therefore, in the instant case, the Court, in its discretion, declines to exercise supplemental jurisdiction over any remaining state law claims because "it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction."); *Karmel v. Claiborne, Inc.*, No. 99-CV-3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court."). Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over all of plaintiff's remaining state law claims, and dismisses these claims without prejudice.

However, plaintiff may submit a letter to the Court within thirty days addressing whether plaintiff seeks to invoke the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. The Court observes that the complaint does not seek to invoke the Court's diversity jurisdiction, but in an excess of caution, the Court will afford plaintiff the opportunity to explain why the Court has jurisdiction over this matter despite the dismissal of all federal claims in this case.

### B. Motion for Summary Judgment

Plaintiff moves for summary judgment on his federal and state law claims for injunctive and declaratory relief. However, as the Court has explained above, plaintiff's federal claim is moot, and his state law claim for injunctive and declaratory relief must be dismissed. Moreover, plaintiff's federal claim became moot over a month before plaintiff filed the present motion. The Court is mindful of plaintiff's concern that a defendant's voluntary cessation may affect a plaintiff's entitlement to attorney's fees. However, as defendant correctly points out, a plaintiff's interest in attorney's fees cannot create a "case or controversy" where none otherwise exists. *See Epstein v. JPMorgan Chase & Co.*, No. 13 Civ. 4744 (KPF), 2014 U.S. Dist. LEXIS 38628, at *23 n.6 (S.D.N.Y.) ("Plaintiff's claims for attorney's fees and costs he has incurred in bringing this claim to not establish an injury sufficient for standing purposes.") (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990 ("This interest in attorney's fees,

---

[5] Defendant has not moved to dismiss plaintiff's claims for monetary damages under state law. However, for the reasons discussed below, the Court declines to exercise supplemental jurisdiction over those claims, in the absence of any jurisdiction over a federal claim in this case.

is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.")).

In any event, plaintiff does not have a viable claim for attorney's fees, because he is not the prevailing party in this action. Though the defendant has taken action to redress plaintiff's claims, this does not make plaintiff the prevailing party here. In order to be considered a prevailing party under the ADA, a party must "secure a judgment on the merits or a court-ordered consent decree." *TRF Music Inc. v. Alan Ett Music Group LLC*, No. 06 Civ. 349 (PKC), 2006 U.S. Dist. LEXIS 30656, at *4 (S.D.N.Y. May 18, 2006) (citing *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)); *see also Union of Needlestrades, Indus. & Textile Employees v. U.S. Immigration and Naturalization Service*, 202 F. Supp. 2d 265, 273-77 (S.D.N.Y. 2002), *aff'd*, 336 F.3d 200 (2d Cir. 2003); *Access 4 All, Inc. v. Grandview Hotel L.P.*, No. 04-CV-4368 (TCP), 2006 U.S. Dist. LEXIS 29574, at *10 (E.D.N.Y. Mar. 23, 2006). As the Supreme Court explained in *Buckhannon*, a defendant who voluntarily terminates the conduct a plaintiff has challenged might effectively give the plaintiff all of the relief he seeks, but the term "prevailing party" in fee shifting statutes requires a "judicially sanctioned change in the legal relationship between the parties." *Buckhannon*, 532 U.S. at 605. Plaintiff has not been successful in seeking a judgment on the merits, because his claims are now moot. Under *Buckhannon*, therefore, plaintiff is not the prevailing party. In the absence of any legal interest in the claims that are the subject of the summary judgment motion, the Court concludes that there is no legal basis for granting judgment in the plaintiff's favor.

For the foregoing reasons, the motion for summary judgment is denied.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's ADA claim is granted, and plaintiff's motion for summary judgment is denied. The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims. However, within thirty days of this Order, plaintiff shall submit a letter to the Court indicating whether plaintiff believes the Court has diversity jurisdiction over the state law claims.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 20, 2015
Central Islip, NY

\* \* \*

Plaintiff is represented by Martin Coleman, Law Offices of Martin J. Coleman, 100 Crossways Park Drive West, Suite 412, Woodbury, NY 11797. Defendant is represented by Joel Finger and Joshua Hurwit, Littler Mendelson, P.C., 900 Third Avenue, New York, NY 10022.